**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2389
_____

GREGORY IFESINACHI EZEANI,
                                                            Appellant

v.

JIMENEZ, DHS/ICE Arresting Officer; JANNELLE MALONEY, DHS/ICE Arresting
Officer; MARK RAMOTOWSKI, DHS/ICE Arresting Officer; JOHN TSOUKARIS,
DHS/ICE Field Office Director

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-05165)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 19, 2024

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: December 4, 2024)

_____

OPINION[*]

PER CURIAM

Gregory Ifesinachi Ezeani, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his amended civil rights complaint for failure to state a claim upon which relief may be granted. For the following reasons, we will affirm.

In August 2022, Ezeani filed a complaint raising claims stemming from his arrest by immigration officers and the seizure of his passports. He also applied to proceed in forma pauperis (IFP). Ezeani named as defendants the officers who arrested him and a DHS/ICE field office director, suing them in their official capacities only. As relief, Ezeani sought $10 million and "return of his international travelling passports . . . which w[ere] seized under gun duress." ECF 1, at 5. The District Court denied the IFP application, explaining that Ezeani "name[d] defendants that are immune from suit." ECF 3. Ezeani appealed. We affirmed the District Court's judgment in part and vacated in part, holding that "Ezeani's request for the return of his allegedly unconstitutionally seized passports is not barred by sovereign immunity." *Ezeani v. Jimenez*, No. 22-3182, 2023 WL 3244577, at *1 (3d Cir. May 4, 2023) (not precedential).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On remand, the District Court dismissed Ezeani's claim for injunctive relief, holding that his allegations were "wholly conclusory" and did not sufficiently allege an unreasonable seizure in violation of the Fourth Amendment. ECF 17, at 5. According to the District Court, Ezeani's "blanket allegation" that "holding him at gunpoint while seizing his passports was *per se* unreasonable . . . cannot be sustained." *Id.* In addition, the District Court concluded that Ezeani's "mere recitation of Fourth Amendment law provides no information regarding why the seizure was unlawful or how probable cause was lacking." *Id.* But the District Court dismissed the claim without prejudice, permitting Ezeani to file an amended complaint curing the identified deficiencies.

Ezeani filed an amended complaint, again asserting that immigration officers violated his Fourth Amendment rights by using "criminal falsified material" to seize "three different Nigeria[n] passport[s] in one set without a probable cause."[1] ECF 25-1, at 3–4. The District Court concluded that Ezeani's amended complaint "contains the same conclusory allegations as his initial complaint, merely reiterating his factual allegations in a different form, as previously reviewed by the Court." ECF 26, at 5. Because the amended complaint "fail[ed] to provide any additional facts that would cure the deficiencies noted in the Court's [earlier opinion]," the District Court dismissed the amended complaint in its entirety with prejudice under 28 U.S.C. § 1915(e)(2)(B). *Id.* at 6. Ezeani timely appealed.

---

[1] Ezeani filed the amended complaint beyond the 30 days provided by the District Court, but the District Court "afford[ed] him leniency" and accepted the late-filed amended complaint.

We have jurisdiction under 28 U.S.C. § 1291, and our review of the District Court's sua sponte dismissal of the amended complaint is plenary. *See Dooley v. Wetzel*, 957 F.3d 366, 373 (3d Cir. 2020). When, as here, a plaintiff proceeds in forma pauperis, a court may dismiss claims sua sponte if they fail to state a claim upon which relief may be granted and amendment would be inequitable or futile. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). To avoid dismissal for failure to state a claim, a complaint must set out "sufficient factual matter" to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Whether a government seizure violates the Fourth Amendment depends on its overall reasonableness, which must be based upon a "careful balancing of governmental and private interests." *Soldal v. Cook County*, 506 U.S. 56, 71 (1992) (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985)). The reasonableness of a seizure "depends on not only when a seizure is made, but also how it is carried out." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985).

We agree that Ezeani failed to state a claim upon which relief can be granted. Ezeani alleged that immigration officers, relying on "criminal falsified material," "broke into [his] house with a gun and subject[ed] [him] under gun duress to bring his passport at about 20mins before 6am in the morning which is sleeping time." ECF 25, at 3. According to Ezeani, his passports were seized "without a probable cause." ECF 25-1, at 3. Notably, however, Ezeani did not explain what allegedly "criminal falsified material" was used to

4

effectuate the arrest and seizure of his passports. *Cf. Franks v. Delaware*, 438 U.S. 154, 171 (1978) (explaining that an individual challenging a warrant affidavit must "point out specifically the portion of the warrant affidavit that is claimed to be false," and that this showing "should be accompanied by a statement of supporting reasons"). Although Ezeani asserted that the immigration officers possessed guns and arrived at his home early in the morning, nothing in his description of the manner in which the seizure was carried out suggested that it was unreasonable. He merely pointed to the Record of Deportable/Inadmissible Alien, which indicated that he gave consent for the officers to enter his home, where he was arrested for being in violation of the Immigration and Nationality Act. ECF 25, at 3; ECF 25-1, at 9.

In sum, because Ezeani did not plead facially plausible facts demonstrating the unreasonableness of the seizure, the District Court properly dismissed his amended complaint. We further conclude that providing Ezeani with further leave to amend his complaint would have been futile. *See Grayson*, 293 F.3d at 108; *cf. Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (concluding that amendment would be futile where the plaintiff-appellant "had already amended her complaint once and did not move to amend again or suggest what she might add"). Finally, we note that Ezeani fails in his brief to indicate how he would have stated a plausible claim for relief if provided with another chance to amend his complaint.

For the foregoing reasons, we will affirm the judgment of the District Court.